**IT IS ORDERED as set forth below:**

**Date: July 09, 2008**

_Mary Grace Diehl_
_____
**Mary Grace Diehl**
**U.S. Bankruptcy Court Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | **Involuntary Petition** |
| | ) | **Under Chapter 11** |
| **PLY-MARTS, INC.,** | ) | |
| | ) | **Case No. 08-72687-mgd** |
| **Alleged Debtor.** | ) | |
| _____) | | **Judge Diehl** |

**CONSENT INTERIM ORDER ON JOINT EMERGENCY
MOTION FOR ORDER EXCUSING FEDERAL RECEIVER FROM
COMPLIANCE WITH SECTION 543 OF THE BANKRUPTCY CODE
AND AUTHORIZING RECEIVER TO ADMINISTER
RECEIVERSHIP ESTATE WITH CERTAIN LIMITATIONS**

This matter came before the Court for an emergency hearing on July 7, 2008 (the "Hearing") on the joint emergency motion (the "Motion") for an Order Excusing Federal Receiver from Compliance with Section 543 of the Bankruptcy Code filed by LEE N. KATZ, the federal court receiver (the "Receiver"), and BANK OF AMERICA, N.A., as agent (in such capacity, the "Agent") for the Lenders under (and as defined in) the Motion (Docket No. 6).  Upon consideration of the Motion, the record in this case, and the matters presented to the Court at the Hearing, and the Court being further advised that

the Receiver, the Agent and the petitioning creditors (the "Petitioning Creditors"), by their respective counsel, have consented to the entry of this Order, it is hereby ORDERED, ADJUDGED AND DECREED, as follows:

1.　　Pursuant to Section 303(f) of the Bankruptcy Code, the Receiver may, during the Interim Period (as defined below) and thereafter as provided in paragraph 4 of this Order, (i) remain in possession of all property of Ply-Marts, Inc. (the "Alleged Debtor") which the Receiver holds, or hereafter obtains, as and to the extent authorized by the Receivership Order (as defined in the Motion) and (ii) continue the operation and orderly liquidation of the Alleged Debtor's assets, including, without limitation, the sale of inventory and equipment of the Alleged Debtor and the collection of accounts receivable and other rights to payment of the Alleged Debtor, as and to the extent authorized by the Receivership Order except to the extent otherwise expressly limited by this Order.

2.　　If during the Interim Period the Receiver is successful in obtaining an agreement for the sale, as a going concern and to a single purchaser, of all or substantially all of the assets of either of the two remaining operating divisions of the Alleged Debtor (to-wit, the so-called specialty division and the so-called stairs division), either in whole or in individual lots which aggregate all or substantially all of the assets of such division, then the Receiver shall be authorized to seek approval of each such sale (each, a "Public Sale") either by this Court pursuant to Section 363 of the Bankruptcy Code or by the United States District Court for the Northern District of Georgia, Newnan Division (the "District Court") pursuant to the Receivership Order, as the Receiver may elect in his sole discretion, subject in all events (and irrespective of any contrary provision in the

Receivership Order) to at least twenty (20) days prior notice of the proposed Public Sale to all known creditors of the Alleged Debtor.  If any objection to the proposed Public Sale is filed, the Receiver shall bear the burden of establishing that the agreement for the proposed Public Sale is the result of a good faith, arms-length negotiation and that the terms of the proposed Public Sale (including the purchase price) are commercially reasonable.  In no event shall any Public Sale be consummated unless and until this Court or the District Court, as applicable, enters an order approving such Public Sale.

3.     Notwithstanding anything to the contrary contained in this Order, the Receiver shall comply with all orders entered by this Court, after notice and a hearing (to the extent a hearing is required), provided, however, that any provision of any such subsequent order that vacates, modifies, amends or overrides any provision of this Order shall have prospective effect only and shall not invalidate or otherwise affect any act or transaction entered into or concluded by the Receiver prior to entry of any such subsequent order.

4.     This Order shall be effective, *nunc pro tunc*, from the filing of the Involuntary Petition (to-wit, July 1, 2008) through the earlier to occur of the following: (a) the entry of an order that grants the Motion and that supersedes the provisions of this Order, (b) the entry of an order denying the Motion, or (c) the entry of an order directing the Receiver to turn over property of the estate to the Alleged Debtor or a duly appointed trustee in this Chapter 11 case or any superseding Chapter 7 case (the "Interim Period"), provided, however, that if during the Interim Period the Receiver enters into a contract for a Public Sale and files proper notice thereof in accordance with the Receivership Order (or, in the case of a Public Sale pursuant to Section 363 of the Bankruptcy Code,

serves such notice in accordance with any order of this Court or as otherwise required by the Federal Rules of Bankruptcy Procedure), then, in either such event and notwithstanding termination of the Interim Period prior to consummation of such Public Sale or other sale, the Receiver shall be empowered to seek approval of such Public Sale or other sale by this Court or the District Court, as applicable, and (subject to obtaining requisite approval) to consummate such Public Sale or other sale as if the Interim Period remained in effect through the date of closing.

5.      A final hearing on the Motion shall be set for August 22, 2008 at 9:30 a.m.

6.      Neither the filing of the Motion nor the entry of this Order shall constitute the consent of Alleged Debtor or the Receiver to any relief requested in the Petition, and each of Alleged Debtor, the Receiver, Agent, Lenders and the Petitioning Creditors reserves all rights, claims and defenses available to each of them in, and with respect to, this involuntary Chapter 11 case.

7.      Notwithstanding anything to the contrary in the Federal Rules of Bankruptcy Procedure, the effectiveness of this Order shall not be stayed, and this Order shall be effective immediately upon its entry.


END OF DOCUMENT




**(Signatures on next page)**

Consented to:

s/ Frank J. Perch, III
Frank J. Perch, III
Counsel for Petitioning Creditors
Georgia  Bar No. 142225
HUNTER, MACLEAN, EXLEY & DUNN, P.C.
200 East St. Julian Street
P.O. Box 9848
Savannah, GA  31412
Telephone: 912-236-0261
Fax: 912-236-4936

s/ J. Michael Levengood
J. Michael Levengood
Georgia Bar No. 447934
Gary W. Marsh
Georgia Bar No. 471290
Counsel for Lee N. Katz, Receiver
MCKENNA, LONG & ALDRIDGE, LLP
303 Peachtree Street, Suite 5300
Atlanta, GA  30308
Telephone:  404-527-4000

s/ C. Edward Dobbs
C. Edward Dobbs
Georgia Bar No. 223450
James S. Rankin, Jr.
Georgia Bar No. 594620
Counsel for Bank of America, N.A., as Agent
PARKER, HUDSON, RAINER & DOBBS LLP
Georgia Bar No. 223450
1500 Marquis Two Tower
285 Peachtree Center Ave., N.E.
Atlanta, GA  30303
Telephone:  404-523-5300

No Opposition:

s/ Martin P. Ochs
Martin P. Ochs
Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, S.W.
Atlanta, GA  30303
Telephone:  404-331-4437
ATLANTA:5029701.3