**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.  08-72687-MGD |
| PLY-MARTS, INC., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| TAMARA MILES OGIER AS | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | ADVERSARY PROCEEDING |
| | ) | |
| v. | ) | NO. _____ |
| | ) | |
| RANDALL BROTHERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>COMPLAINT</u>**

TAMARA MILES OGIER AS CHAPTER 7 TRUSTEE files this Complaint against

Defendant Randall Brothers, Inc. and shows this Honorable Court the following:

1.

Tamara Miles Ogier ("Trustee") is the duly appointed and qualified Trustee of the

above-styled bankruptcy case.

2.

Randall Brothers, Inc. ("Defendant") is subject to the jurisdiction and venue of this

Court and may be served pursuant to Fed. R. Bankr. P. 7004.

3.

This Adversary Proceeding arises out of and relates to the Chapter 7 Bankruptcy

Case of Ply-Marts, Inc., Case No. 08-72687-mgd on the docket of this Court.  This Court

has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §157 and §1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The Court may, therefore, issue appropriate orders or judgments in this core proceeding.  Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.  This Court may issue the relief sought pursuant to 11 U.S.C. §§ 547, 549 and 550 and other applicable statutes and laws.

4.

On July 1, 2008 (the "Petition Date"), an involuntary petition for relief under Chapter 11 of the Bankruptcy Code was filed against Ply-Marts, Inc. ("Debtor").

5.

On September 3, 2008, the Court entered an Order for Relief under Chapter 11.  On September 3, 2008, the Court converted this case to Chapter 7 of the Bankruptcy Code, and Tamara Miles Ogier was appointed as Chapter 7 Trustee.

6.

During the ninety days prior to the Petition Date, Debtor transferred to the Defendant at least the sum of $49,000.00 (said transfer(s) hereinafter referred to as "the Transfers").  To the extent the Trustee discovers the existence of additional transfers to Defendant within the ninety (90) days prior to the Petition Date, the Trustee intends to recover all such transfers, and this complaint is not limited to those transfers disclosed as part of the defined term.

7.

The Transfers were transfers of interests in property of the Debtor.

8.

The Transfers were made to or for the benefit of a creditor, the Defendant.

2

9.

The Transfers were for or on account of an antecedent debt owed by the Debtor to the

Defendant before the Transfers were made.

10.

The Transfers were made while the Debtor was insolvent.

11.

The Transfers were made within ninety (90) days before the date of the filing of the

filing of Debtor's bankruptcy petition.

12.

The Transfers enabled the creditor, Defendant, to receive more than such creditor

would receive under Chapter 7 of title 11 of the Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*)

if the Transfers had not been made and such creditor received payment of such debt to the

extent provided by the provisions of the Bankruptcy Code.

13.

Pursuant to 11 U.S.C. § 547, the Transfers are avoidable by the Trustee and should be

preserved for the Estate pursuant to 11 U.S.C. § 551.

14.

Pursuant to a letter dated March 19, 2010, the Trustee made demand upon Defendant

for turnover of the Transfers.  A true and correct copy of said letter is attached hereto as

Exhibit "A."

15.

To date, the Defendant has failed to remit any funds to the Trustee.

3

16.

Pursuant to the provisions of 11 U.S.C. §§ 547 and 550 Defendant is liable to the Trustee for the value of the Transfers in an amount not less than $49,000.00, plus pre-judgment interest allowed by law from the date of the demand letter, plus all post judgment interest allowed by law.

**WHEREFORE,** Plaintiff prays this Honorable Court:

1. Order the Transfers not subject to applicable defenses be avoided pursuant to 11 U.S.C. § 547 and preserved for the Estate pursuant to 11 U.S.C. § 551;

2. Pursuant to 11 U.S.C. § 550, enter an Order and Judgment in favor of Plaintiff and against Defendant in the sum of $49,000.00 for the Transfers, plus pre-judgment interest allowed by law from the date of the demand letter, plus all post judgment interest allowed by law; and

3. Grant Plaintiff such further and additional relief as this Court deems appropriate.

ELLENBERG, OGIER,
ROTHSCHILD & ROSENFELD, P.C.

By: _/s/ Tamara Miles Ogier_
    Tamara Miles Ogier
    Georgia Bar No. 550355

By: _/s/ Allen Rosenfeld_
    Allen P. Rosenfeld
    Georgia Bar No. 614451

170 Mitchell Street, SW
Atlanta, Georgia 30303-3424
(404) 525-4000
apr@eorrlaw.com

# ELLENBERG, OGIER

# ROTHSCHILD & ROSENFELD, P.C.

Exhibit A

ALLEN ROSENFELD
apr@eorrlaw.com

170 MITCHELL STREET, S.W.
ATLANTA, GEORGIA 30303
404-525-4000 PHONE
404-526-8855 FACSIMILE
www.eorrlaw.com

March, 19, 2010

Randall Brothers
Michael E. Reyland
665 Marietta St. NW
Atlanta, GA 30313

Randall Brothers
PO Box 1678
Atlanta, GA 30371

Re:    In re: Ply-Marts, Inc., Chapter 7 Case No. 08-72687-mgd, Northern
District of Georgia, Atlanta Division

Dear Sir or Madam,

This firm represents Tamara Miles Ogier as Trustee (the "Trustee") in the case identified above. This case was filed as an involuntary bankruptcy on July 1, 2008 and the Order for Relief was entered on September 2, 2008. According to the Bankruptcy Code, the Trustee is authorized to recover, with certain exceptions, any transfers made by the Debtor within 90 days prior to the filing of the petition. See 11 U.S.C. § 547.

A review of the Debtor's financial records indicates that you received $49,000.00 within 90 days of the filing of the bankruptcy petition. Accordingly, demand is made for turnover of said amount within ten (10) days from the date of this letter. If we do not receive the sum demanded we will have no choice but to proceed with litigation to recover this amount. Of course, if you believe you have any defenses, please provide those within ten days from the date of this letter.

If you would like to discuss this matter further, please contact me at your earliest convenience but not later than ten days from the date of this letter.

Sincerely,

ELLENBERG, OGIER,
ROTHSCHILD & ROSENFELD, P.C.

By: _____
Allen Rosenfeld